ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No. 02-0046 DSD/JMM

TWIN CITY FLOOR COVERING INDUSTRY PENSION FUND AND TWIN CITY FLOOR COVERING INDUSTRY FRINGE BENEFIT TRUST FUND,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

FLOOR COVERING SPECIALISTS, and PAUL E. PEARSON, individually,

Defendants.

This matter was heard before the undersigned on the 13th day of September, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on January 8, 2002.

2. Defendants Floor Covering Specialists and Paul E. Pearson were served with a Summons and Complaint in this matter on January 8, 2002.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide,

FILED 9-13-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 9-13-02
DEPUTY CLERK

among other things, pension, vacation, health and welfare benefits to employees doing floor covering work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, as the administrative agent designated by the Trustees.

5. Defendants Floor Covering Specialists and Paul E. Pearson accepted and agreed to be bound by certain a Collective Bargaining Agreement between the Joint Bargaining Committee/Floor Covering Industry and Lakes and Plains Regional Council of Carpenters & Joiners Carpet, Linoleum, Resilient Tile Layers Local #596. The Agreement obligates Defendants, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 10th day of the month following the month for which the contribution is being made.

6. Defendants submitted the fringe fund reports for the months of July 2001 through March, 2002, but failed to pay the contributions owing. According to the reports submitted by Defendants, fringe benefit contributions are owing in the amount of $48,975.33.

7. The Collective Bargaining Agreement provides that a penalty of Ten Dollars ($10.00) or Ten Percent (10%) of the amount due, whichever is greater, shall be owing for liquidated damages. According to the reports submitted, the total amount of liquidated damages owing for the period of July 2001 through March 2002 is $4,897.53.

8. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

9. The fair and reasonable value of attorney fees and costs incurred by the Plaintiffs in this action is $1,744.31.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants owe at least $48,975.33 in fringe benefit contributions for the months of July 2001 through March 2002.

3. Defendants owe at least $4,897.53 in liquidated damages for the months of July 2001 through March 2002.

4. Defendants are liable for the Plaintiffs attorney fees and costs, in the amount of $1,744.31.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment, joint and several, against Defendants Floor Covering Specialists and Paul E. Pearson in the amount of $55,617.17 for the amounts reported to be due for July 2001 through March 2002.

3. That Defendants file the reports for the months of May, June, July, and August, 2002, at the offices of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, correctly identifying hours worked by floor coverers and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within five (5) days of service of this Order upon them.

4. That Defendants pay the contributions of all of the hours reported pursuant to the Court's Order, plus those amounts reported for April, 2002, plus interest and liquidated damages in the amount of Ten Dollars ($10.00) or Ten Percent (10%), whichever is greater, of the delinquent contributions.

5. That upon the filing of the reports by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions and liquidated damages as shown by Affidavit filed with the Court, and the Court shall enter judgment ten (10) days after service of the motion and Affidavit on Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 9/13/02

BY THE COURT

The Honorable David S. Doty
Judge of District Court